IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAUL NEVAREZ JR.,

      Plaintiff,

v.                                   No. 1:24-cv-00620-JMR-KRS

BEN THOMAS and
STEVEN J. CLARK,

      Defendants.

## <u>ORDER TO SHOW CAUSE</u>

Plaintiff, who is proceeding *pro se*, filed a Petition for Restitution Unlawful Detainer, Doc. 1, filed June 17, 2024 ("Complaint").  Plaintiff seeks an order of "restitution to Plaintiff of the property at 1024 West Gilbert Ave., Belen New Mexico 87002."  Complaint at 4.

The Court notifies Plaintiff that the Complaint contains some deficiencies, orders Plaintiff to show cause why the Court should not dismiss this case based on those deficiencies, and orders Plaintiff to file an amended complaint that addresses those deficiencies.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

The Complaint does not show that the Court has jurisdiction over this matter.  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir.

2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988)).  Plaintiff alleges the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff asserts this case arises under "City of Belen Code: Title 8 Chapter 12, Section 080(b)."  Complaint at 2.  The City of Belen Code is not a law of the United States.  The Complaint does not indicate that this case arises under the Constitution or laws of the United States.  The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction.

The Complaint fails to state a claim against Defendants Thomas and Clark.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  Plaintiff alleges "Defendants have caused intentional or reckless damage to the Property exceeding $1,000 by accumulating debris, refuse, and a semi truck-trailer" but does not otherwise explain what Defendants Thomas and Clark did, when they did it, what specific legal right Plaintiff believes each of them violated, or otherwise state why Plaintiff is entitled to relief from Defendants Thomas and Clark.  The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state claims against Defendants Thomas and Clark.

It appears this case may be barred by the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine.  Plaintiff states there are "multiple prior local cases in both Magistrate and District courts."  Complaint at 3.  The *Younger* abstention doctrine "dictates that federal courts not

interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). The Court orders Plaintiff to show cause why this case is not barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines. Plaintiff's response must provide the names and numbers for each of the "multiple prior local cases in both Magistrate and District courts."

It appears that Plaintiff Saul Nevarez Jr. may not be the real party in interest in this case. *See* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest"). In a previous case, Roger Saul filed a "Petition for Restitution (Unlawful Detainer)" against Defendant Ben Thomas. *See* Doc. 1, filed April 1, 2024, in *Saul v. Thomas*, No. 1:24-cv-

00315-MV-JFR (D.N.M., dismissed May 1, 2024).  Plaintiff in this case, Saul Nevarez Jr., seeks restitution regarding the same property for which Roger Saul sought restitution, 1024 West Gilbert Ave, Belen New Mexico 87002.  Plaintiff Saul Nevarez Jr. has the same physical and email addresses and same phone number as Roger Saul.  The Court orders Plaintiff to show cause why the Court should not dismiss this case on the ground that the real party in interest is not prosecuting this case.  Plaintiff must file an affidavit describing his legal interest in the subject property and his relationship, if any, to Roger Saul.  The affidavit must be supported by documentation showing Plaintiff has a legal interest in the property.

Plaintiff attached ten exhibits in support of his Complaint.  Portions of some of the exhibits are illegible.  Plaintiff has not marked the portions of the exhibits he wishes to bring to the Court's attention.  Any exhibits Plaintiff attaches to his response to this Order must be properly marked.  *See* D.N.M.LR-Civ. 10.6 ("The portions of an exhibit the party wishes to bring to the Court's attention must be marked").

Plaintiff also seeks entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  *See* Motion for Entry of Default, Doc. 4, filed July 18, 2024 ("Motion").  Rule 55 provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Plaintiff's Affidavit states: "The summons and complaint were filed on June 17, 2024" and "Defendant was served with a copy of the summons and complaint on June 17, 2024."  Motion at 2.  Plaintiff has not described the manner of service or identified the server.  *See* Fed. R. Civ. P. 4 (e) (describing how defendants may be served in a judicial district of the United States); Fed. R. Civ. P. 4 (c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint"); Fed. R. Civ. P. 4 (l)(1) ("Except for

4

service by a United States marshal or deputy marshal, proof must be by the server's affidavit"). The Court orders Plaintiff to show cause why the Court should not deny the Motion for Entry of Default for failure to show that Plaintiff properly served each Defendant.  Plaintiff's response must describe the manner of service, identify the server(s), and show that Plaintiff properly served each Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**Notice Regarding Compliance with Orders and Rules**

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case and deny the Motion for Entry of Default; and (ii) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**UNITED STATES MAGISTRATE JUDGE**